

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-3046
Re: Is the tax assessor-col-
lector and his deputies
entitled to reasonable
traveling expenses incurred
in traveling over the coun-
ty to list and procure
renditions of property for
taxes where the county is
operating under the Of-
ficers' Salary Law?

Your recent request for an opinion of this department
upon the above stated question has been received.

We quote from your letter as follows:

"Mr. W.W. Jett, Tax Collector & Assessor of
Liberty County, Texas, has requested of me an
opinion as to whether or not he and his deputies
in the proper and legal conduct and discharge of
the duties of his office, such as assessing land
owners for taxes and the collecting of taxes in
the traveling about the County, would be entitled
to collect from the County for 'reasonable travel-
ing expenses' incurred, in view of the fact that
this County is operating under the Officers Salary
Law.

"After he asked me the question, I advised
him that in my opinion, he was entitled to the
travelling expenses in view of the fact that under
the law it is his duty and the duty of his deputies
to assess land for taxation and in so doing they
must travel about the County, and I did this be-
cause of subdivision B of Article 3899 of the

Honorable Thomas Wheat, Page 2

Revised Civil Statutes of Texas, as enacted by
the Acts of 1937, 45th Legislature, First Call
Session, page 1817, Chapter 37, Section 1, which
reads as follows:

"'Each officer named in this Act, where he
receives a salary as compensation for his services,
shall be empowered and permitted to purchase and
have charged to his County, all reasonable ex-
penses necessary in the proper and legal conduct
of his office.....'

"'Such expenses to be passed on, pre-deter-
mined and allowed in kind and amounts, as nearly
as possible, by the Commissioners' Court once
each month for the ensuing month, upon the ap-
plication by each officer, stating the kind, pro-
bable amount of expenditure, and the necessity
for the expenses of his office for such ensuing
month, which, application shall, before presenta-
tion to said court, first be endorsed by the
County Auditor, if any, etc.'

"If under the law it is the duty of the Tax
Collector & Assessor to get out and procure rendi-
tions of land for taxation and as such, he incurs
travelling expenses, it is my opinion that he
would be entitled to recover the same from the
County, and that the County would be liable to
pay the same. Of course, the Commissioners' Court
to pass upon the probable amount, kind, etc., in
accordance with subdivision 'b' of Article 3899, as
amended.

"With regard to whether it is the duty of
the Tax Collector and Assessor to get out and
procure renditions of land for taxation and pro-
cure assessments, I first refer you to Article
7189 of the Revised Civil Statutes of 1925, which
reads as follows:

"'Assessors of taxes shall, between the first
day of January and the thirtieth day of April of
each year, proceed to take a list of taxable pro-
perty, real and personal, in his county and assess
the value thereof in the manner following, to wit:

By calling upon the person, or by calling
at the office, place of business or the
residence of the person, and listing the
property required by law in his name, and
requiring such person to make a statement
under said oath of such property in the form
hereinafter prescribed.'

"As such you see it is the duty of the
Tax Assessor and Collector or his deputy to
call upon the person or by calling at the of-
fice or place of business of said tax payer
and in doing this necessarily he must get
out and incur some travelling expenses, be-
cause he must travel to these places.

"Then I refer you to Article 7214 with
regard to oath that the tax assessor and col-
lector and deputy in this State have to take,
this Article prescribing the oath, which is
as follows:

"'I, _____, tax assessor (or deputy
tax assessor, as the case may be) in and for
_____ County, Texas, do solemnly swear
that I will personally view and inspect all
the real estate and improvements thereon sub-
ject to taxation, lying in said county, that
may be rendered to me for taxation by any
corporation or individual, or by their agent
or representative, as fully as may be practi-
cable, and that I will, as fully as is practi-
cable, view and inspect all other taxable
property in said county rendered to me as
aforesaid; .....'

"As such he takes an oath that he will
go out and do these things, and he will travel
around and view this property, and how can he
view the property unless he travels around.

"As such, it is my opinion that since it
is his duty to get out and call upon these
people for the purpose of procuring assess-
ments and get out and view the property, which
he can only do by travelling from place to
place, because the county can't come to the

307

county seat where his office is, and since this
is his duty, certainly under Article 3899, sub-
division B, he should be entitled to these ex-
penses necessary in the legal and proper con-
duct of his office and I say he should be entitl-
ed to his travelling expenses and for any other
bill that he may incur under such circumstance.

"Please render me an immediate opinion upon
this question, discussing it at length, citing
any cases you may be able to find."

Officers who are compensated on a fee basis are specif-
ically authorized by Section A of Article 3899, to pay actual
and necessary traveling expenses out of fees earned by such of-
ficers.   Section B of Article 3899, supra, provides:

"Each officer named in this Act, where he
receives a salary as compensation for his services,
shall be empowered and be permitted to purchase
and have charged to his county all reasonable ex-
penses necessary in the proper and legal conduct
do his office . . . ."

We have been unable to find any case where the Appellate
Courts have construed the above quoted provision of Section B
touching the question we have under consideration.  However, we
believe that Section B, Article 3899, supra, authorizing the tax
assessor-collector to purchase and have charged to his county all
reasonable expenses necessary in the proper and legal conduct of
his office, is broad enough to include such reasonable and nec-
essary expenses as may be incurred in buying gasoline, oil, etc.,
for his car, when used in travelling over the county to list and
procure renditions of property for taxes.  In other words, the
assessor and collector would not be permitted to charge for the
use of his car, but would be allowed the reasonable and necessary
expense incurred in operating the same when performing his official
duties as above mentioned.  The same answer would be applicable, if
such official duties are performed by his deputies.

Trusting that the foregoing fully answers your inquiry,
we are

Yours very truly

APPROVED FEB 7, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE

AW:DB